Middleton, J.,
dissenting. This case falls within a peculiar and limited class where the commission of the initial wrongful act cannot be known at the time it is committed. That wrongful act starts a new chain of events, i. e., the development day by day of painful and injurious consequences. It was not reasonably possible for the patient to know that her condition was due to the wrongful act of the surgeon. Such knowledge could not have been acquired until the second operation was performed and the cause discovered. The increasing daily consequences of the original wrongful act continued to the date of discovery incident to the second operation. The impossibility of knowledge earlier than the second operation distinguishes this case from those where knowledge is *31 possible even though the injured person does not actually acquire such knowledge. The tort committed in this instance did not consist of the single act of negligently failing to remove the sponge. Every day that the sponge remained in the body, added elements of injury occurred. There was, in my judgment, a continuing tort and it cannot reasonably be said under these circumstances that the cause of action “accrued” at the date of the original operation so as to start the running of the statute of limitations.
In the case of Gillette v. Tucker, 67 Ohio St., 106, 65 N. E., 865, 93 Am. St. Rep., 639, the court found a way to avoid the obviously unreasonable and unjust result of applying the theory that the cause of action accrued at the date of the operation by reasoning that the relationship of surgeon and patient existed to some date within the two-year period of the statute, thus making the maintenance of the action possible. That reasoning was sufficient to produce the right result in that particular case. I am, however, unable to comprehend how a condition existing as a continuous tort to the date when the surgeon ceased seeing the patient could be cured or changed by the severance of the physician-patient relationship. The tortuous conduct and its continuing effects remained and continued thereafter. In this case it continued for several years thereafter without any possibility of the patient’s discovering the commission of any wrongful act. The logic, which in the Tucker case would postpone the commission of the tort to the time of severance of the professional relationship even though that be for a period of one or two or three years, will postpone the running of the statute until it is reasonably possible for the victim of the continuous tortuous conduct to discover the wrong.
As I have previously stated, this case falls within a *32 peculiar limited class and to- hold that the statute of limitations in this and similar cases does not begin to run until it is reasonably possible for the patient to discover the wrong will not in any way embarrass the courts in applying the other statutes of limitation contained in the Code. Such decision would not be in harmony with some previous decisions of this court but the differences of opinion among the judges of this court in the past and among the judges of other courts as to the question here- considered should relieve this court of any particular embarrassment in reaching a decision such as I have indicated should, in my judgment, be reached.